**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

AARON WEST,

        Plaintiff,

        v.

DEPARTMENT OF TREASURY
INTERNAL REVENUE SERVICE,

        Defendant.

Civil Action No. 23-1005 (ZNQ) (RLS)

**OPINION**

**QURAISHI, District Judge**

    **THIS MATTER** comes before the Court upon the Application to Proceed *In Forma Pauperis* filed by Plaintiff Aaron West ("Plaintiff") together with Plaintiff's Complaint against Defendant Department of Treasury Internal Revenue Service. (ECF Nos. 1, 5, 11, 13.) For the reasons stated below, Plaintiff's *in forma pauperis* application will be **GRANTED** and his Complaint will be **DISMISSED** without prejudice. Plaintiff will be given thirty (30) days within which to file an Amended Complaint.

**I.     BACKGROUND**

    The following facts are taken from the Complaint and accepted as true only for the purposes of screening the Complaint pursuant to 28 U.S.C. § 1915(e)(2).

    Plaintiff filed his Complaint using a form that asked him to provide information as to the nature of his claims. (ECF No. 1 at 1–5.) The Complaint is very sparse. Plaintiff inserted "department of treasure internal revenue service" in the form's caption but did not identify it as one of the defendants in the relevant section of the form. (*Id*. at 2.) For the section of the form asking for the basis for this

1

Court's jurisdiction, Plaintiff checked no boxes. (*Id*.) Plaintiff also left blank the section of the form asking him to provide a statement of his claim. (*Id*. at 3.) In the section asking Plaintiff to state his injuries, he wrote that Defendant "[g]ive me emotional distress physical harm discrimination how I talk they call me name." (*Id*.)

Plaintiff also filed several applications to proceed *in forma pauperis*. (ECF Nos. 1-2, 5, 11, 13.)

## II. <u>LEGAL STANDARD</u>

### A. **IN FORMA PAUPERIS**

To proceed *in forma pauperis* under 28 U.S.C. § 1915(a), a plaintiff must file an affidavit that states all income and assets, inability to pay the filing fee, the "nature of the action," and the "belief that the [plaintiff] is entitled to redress." *See* 28 U.S.C. § 1915(a)(l); *Glenn v. Hayman,* Civ. No. 07-112, 2007 WL 432974, at *7 (D.N.J. Jan. 30, 2007). "In making such application, a plaintiff must state the facts concerning his or her poverty with some degree of particularity, definiteness or certainty." *Keefe v. NJ Dept of Corr.,* Civ. No. 18-7597, 2018 WL 2994413, at *1 (D.N.J. June 14, 2018) (quoting *Simon v. Mercer Cnty. Cmty. Coll.,* Civ. No. 10-5505, 2011 WL 551196, at *1 (D.N.J. Feb. 9, 2011)).

Once an application to proceed *in forma pauperis* has been granted, the Court is required to screen the complaint and dismiss the action sua sponte if, among other things, the action is frivolous or malicious, or if it fails to comply with the proper pleading standards. *See* 28 U.S.C. § 1915(e)(2)(B)(i)–(iii); *Ball v. Famiglio,* 726 F.3d 448,452 (3d Cir. 2013). Indeed, the Court must dismiss any claim, prior to service, that fails to state a claim under which relief may be granted under Fed. R. Civ. P. 12(b)(6). *See* 28 U.S.C. §§ 1915(e)(2)(B); *Martin v. US. Dep't of Homeland Sec.,* Civ. No. 17-3129, 2017 WL 3783702, at *1 (D.N.J. Aug. 30, 2017) ("Federal law requires this Court to screen Plaintiff's Complaint for *sua sponte* dismissal prior to service, and to

dismiss any claim if that claim fails to state a claim upon which relief may be granted under Fed. R. Civ. P. 12(b )(6).").

### B.   FAILURE TO STATE A CLAIM

Although courts construe *pro se* pleadings less stringently than formal pleadings drafted by attorneys, *pro se* litigants are still required to "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.,* 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Fair Wind Sailing, Inc. v. Dempster,* 764 F.3d 303, 308 n.3 (3d Cir. 2014). "[A] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

The general rules of pleading are set forth in Federal Rule of Civil Procedure 8, which requires that a complaint contains:

> (1) [A] short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
>
> (2) [A] short and plain statement of the claim showing that the pleader is entitled to relief; and
>
> (3) [A] demand for the relief sought, which may include relief in the alternative or different types of relief.

Fed. R. Civ. P. 8(a).

### III. DISCUSSION

#### A. *IN FORMA PAUPERIS* APPLICATION

Based on the information provided in Plaintiff's submissions, the Court finds that it is appropriate to permit him to proceed *in forma pauperis*. His application will therefore be **GRANTED**.

#### B. REVIEW OF COMPLAINT

Even viewed in its best light, the Complaint provides absolutely no factual detail as to when or how the "Department of Treasury Internal Revenue Service" discriminated against him or caused him emotional distress. Such a spartan pleading prevents the Court, as well as Defendant, from determining whether what is alleged is more than merely conclusory and whether the elements of any claim may be satisfied. *See Garrett v. Wexford Health,* 938 F.3d 69, 92 (3d Cir. 2019) ("Fundamentally, Rule 8 requires that a complaint provide fair notice of 'what the . . . claim is and the grounds upon which it rests.'" ( citation omitted)). Without more, the Court cannot conclude that the Complaint as presently formulated rises above mere frivolity or maliciousness, or adequately states a claim upon which relief can be granted. The Court therefore finds that the Complaint is deficient under Rule 8 and does not presently state a claim under Rule 12(b)(6).

For these reasons, the Court will *sua sponte* dismiss the Complaint without prejudice. Given that Plaintiff is proceeding *pro se*, and because a more comprehensive statement may reveal legitimate grounds for relief, Plaintiff will have thirty (30) days to file an amended complaint in conformity with pleading requirements.

**IV.     CONCLUSION**

For the reasons stated above, the Court will dismiss the Complaint (ECF No. 1) without prejudice and grant leave to amend within 30 days.  An appropriate Order will follow.


Date: **October 24, 2024**

                                            s/ Zahid N. Quraishi  
                                            **ZAHID N. QURAISHI**  
                                            **UNITED STATES DISTRICT JUDGE**